IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW SHAWN IZENBERG,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR REDUCED SENTENCE**<br><br>Case No. 2:08-CR-00365-DB<br><br>Judge Dee Benson |

Before the Court is Defendant Matthew Shawn Izenberg's Motion for Reduced Sentence under 18 U.S.C. § 3582 of the First Step Act. (Dkt. 111.) The Court has considered the facts and arguments set forth in the parties' filings and the reports by the United States Probation Office. For the reasons stated herein, Defendant's motion is denied.

## BACKGROUND

On January 7, 2011, Defendant pleaded guilty to one count of *Distribution of Methamphetamine* in violation of 21 U.S.C. § 841(a)(1). (Dkt. 87.) This Court sentenced him to a total term of 188 months of imprisonment followed by 72 months of supervised release. (Dkt. 87.) Defendant is currently serving his sentence at Terminal Island Federal Correctional Institute ("Terminal Island"). He has served 12 years and 4 months of his prison term. His anticipated release date is October 7th, 2021. (Dkt. 116, Ex. 1.)

On July 18, 2020, Defendant first petitioned his warden for a compassionate release reduction in sentence related to the COVID-19 pandemic. (Dkt. 115 at 3.) On July 27, 2020, nine days later, Defendant filed his *pro se* motion before this Court. The warden denied Defendant's petition on August 12, 2020 after concluding that Defendant did not meet the compassionate

1

release criteria. (Dkt. 115 at 3) Two days later, on August 14, 2020, counsel for Defendant filed a supplement to that motion. (Dkt. 115.)

Defendant asks this Court to reduce his sentence to time served. (Dkt. 115.) Defendant argues that compassionate release is appropriate because he has an increased risk of developing severe illness from COVID-19 because he has type-II diabetes, obesity, hypertension, and liver disease. (Dkt. 114, Exhs. 1-2.) Defendant also notes that Terminal Island has "been the site of an extensive COVID-19 outbreak," and that he is near the end of his term of imprisonment. (Dkt. 115 at 6-8.) The government opposes Defendant's motion, arguing that: (1) Defendant has failed to exhaust his administrative remedies under §3582(c)(1)(A); (2) Defendant has failed to demonstrate extraordinary and compelling reasons sufficient to warrant a sentence reduction under §3582; (3) Defendant has failed to show he does not pose a danger to the community and the §3553(A) factors weigh against his release. (Dkt. 116 at 9-15.)

## DISCUSSION

District courts are "authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)). Title 18 U.S.C. § 3582(c), known as the compassionate release statute, permits a court to modify a term of imprisonment if the defendant demonstrates that he has met a procedural requirement and proved that he qualifies under the substantive test. *See id.*

The first step under the compassionate release statute is a procedural requirement. A defendant may file his own motion for relief after "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the

warden of his facility received his request for the BOP to file a motion on his behalf."[1] *United States v. O'Brien*, 2020 WL 4260630, *2 (D. Kan July 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The next step involves a three-pronged test. Once the exhaustion requirement is satisfied, a defendant is only entitled to relief where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "factors set forth in [18 U.S.C. §] 3553(a);" and (3) "applicable policy statements issued by the Sentencing Commission[;]" 18 U.S.C. § 3582(c)(1)(A).[2] Each prong is discussed in more depth below.

Exhaustion

Under the compassionate release statute, the Court first determines whether Defendant has met the exhaustion requirement. As pertinent here, a defendant has cleared this procedural hurdle when "30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf." 18 U.S.C. § 3582(c)(1)(A)).

Here, Defendant filed his pro se motion on July 27, 2020, nine days after he petitioned his warden. (Dkt. 111.) Defendant filed a supplement to that motion on August 14, 2020, 27 days after he petitioned his warden. (Dkt. 115.) The government argues that because Defendant failed to wait 30 days to file either motion, Defendant failed to exhaust the administrative remedies available to him. (Dkt. 116.) Defendant argues that the 30 days specified in the statute is a limit

---

[1] Previously, these conditions required the Bureau of Prisons (BOP) to bring a motion on a defendant's behalf. However, in 2018, Congress amended the compassionate release statute with the First Step Act.

[2] While each of these three determinations set forth separate and distinct factors for the court to analyze, there is significant overlap. The policy statements shed light on the meaning of "extraordinary and compelling," yet they also include new factors to analyze such as whether the defendant will be a danger to the community. The factors set forth in 18 U.S.C. § 3553(a) include the "need for the sentence imposed . . . to protect the public from further crimes of the defendant," yet they also include a broader analysis which considers the nature of the offense as well as the overall justification of the sentence imposed.

on the time a *court*, not a defendant, must wait before ruling on a defendant's motion. (Dkt. 115.) The Court need not address the exhaustion requirement in this case because, even assuming Defendant satisfied the exhaustion requirement, his motion fails on the merits.

Compassionate Release

Next, the Court looks to whether Defendant demonstrates extraordinary and compelling reasons warranting release.[3] The Sentencing Commission has noted that the medical condition of a prisoner may constitute an extraordinary and compelling reason for sentence reduction if (i) the prisoner is suffering from a terminal illness, or (ii) he is suffering from a serious physical or medical condition that "substantially diminishes" his ability to provide self-care within the prison and he is not expected to recover. U.S.S.G. § 1B1.13 application note 1(A).

Within the context of the current pandemic, "most courts agree that an inmate demonstrates extraordinary and compelling circumstances if she has serious underlying health conditions that place her at an increased risk of serious illness or death from COVID-19 while incarcerated." *United States v. Avalos*, Slip Copy, 2020 WL 5253406, at *3 (D. Kan. Sept. 3, 2020); *United States v. Delgado*, 2020 WL 2464685, at *3 (D. Conn. Apr. 30, 2020) ("Since the outbreak of the COVID-19 pandemic, numerous courts … have held that a defendant's pre-existing health conditions … in combination with the increased risk of COVID-19 in prisons constitute 'extraordinary and compelling reasons' warranting relief") (collecting cases). However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).

---

[3] The Sentencing Commission's policy statement lists four categories of possible extraordinary and compelling reasons for a sentence reduction: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons." U.S.S.G. § 1B1.13 application note 1.

Defendant argues that he has an increased risk of serious illness from COVID-19 because he is 58 years old, and suffers from type-II diabetes, obesity, hypertension, and liver disease. (Dkt. 114, Exs. 1-2.) Defendant also notes that Terminal Island FCI, where Defendant is incarcerated, "has been the site of an extensive COVID-19 outbreak." (Dkt. 115 at 8.) The government makes almost no argument in terms of Defendant's health status, though it does point out that Terminal Island FCI is appropriately managing Defendant's medical conditions and has made significant strides since its initial outbreak.[4] (Dkt. 116 at 2-3.)

Defendant's type-II diabetes and obesity are both listed by the CDC to involve an increased risk of severe illness from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/ (last accessed Sept. 30, 2020).[5] Defendant's hypertension and liver disease are listed by the CDC as conditions that *might* place an individual at an increased risk for severe illness. *Id.* Here, the Court concludes that Defendant's medical conditions, coupled with COVID-19, may constitute extraordinary and compelling reasons to justify compassionate release. However, before granting release, the district court must still consider the additional factors set forth in the Sentencing Commission's policy statements and 18 U.S.C. § 3553(a).

<u>Section 3553(a) Sentencing Factors & Danger to the Community</u>

The final two determinations involve similar inquiries. As pertinent here, Section 3553(a) looks to: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant[,]" and "(2) the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law, and to provide just punishment for the offense, to afford

---

[4] Currently at Terminal Island Federal Correction Institute, there are only two active inmate cases and there are zero active staff cases. (Dkt. 116 at 13-14.)

[5] The list of conditions includes: cancer; chronic kidney disease; COPD (chronic obstructive pulmonary disease); Immunocompromised state (weakened immune system) from solid organ transplant; obesity (body mass index [BMI] of 30 or higher); serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; sickle cell disease; type 2 diabetes mellitus.

adequate deterrence, to protect the public from further crimes of the defendant, and provide the defendant effective training and treatment[.]"[6] Similarly, the Commission's policy statement permits a court to grant release only where the defendant is not a "danger to the safety of any other person or the community[.]" U.S.S.G. § 1B1.13(2). Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id.* The policy statement "directs the court to first apply the § 3553(a) factors and 'then determine if the defendant remains a danger to the safety of any other person in the community as provided in 18 U.S.C. § 3142(g).'" *United States v. Chee*, No. 2:05-CR-773-TC, 2020 WL 5258696, at *5 (D. Utah Sept. 3, 2020) (quoting U.S.S.G. § 1B1.13(2)).

Defendant argues that because he has already served the majority of his sentence, and has shown improvement over his time in prison, he no longer presents a danger to the community. (Dkt. 115 at 3-4.) The government argues Defendant's extensive criminal history and underlying crime show that the § 3553(a) factors do not warrant an exercise of discretion to reduce Defendant's sentence and that Defendant will be a danger to the community. (Dkt. 116 at 12.)

The Court agrees with the government; Defendant has failed to prove that the § 3553(a) factors weigh in his favor and has failed to prove he will not be a danger to the community. First, Defendant's criminal history is extensive and fairly violent. Defendant has multiple felony drug convictions, including attempted operation of a clandestine laboratory (methamphetamine), illegal possession of a controlled substance (methamphetamine), and possession with intent to

---

[6] Under 18 U.S.C. § 3553(a), in determining the particular sentence to be imposed, the Court shall consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and provide the defendant effective training and treatment; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range applicable to the category of offense committed; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims.

distribute a controlled substance (methamphetamine). (Dkt. 113 at 7-8.) He also has a history involving misdemeanor crimes of violence, including four convictions for battery, an attempted aggravated assault conviction, and multiple DUIs. (Dkt. 113 at 4-9.)

Second, for the underlying crime in this case, Defendant pleaded guilty to and was convicted of a serious offense. After multiple drug convictions involving methamphetamine, in January 2008, Defendant showed an inclination to recidivate when he again committed a crime involving methamphetamine by selling three grams of the illegal drug to an undercover officer. (Dkt. 113 at 4.) He later pleaded guilty and was convicted of distribution of methamphetamine. Even while incarcerated, Defendant was sanctioned for fighting in 2012 and for phone abuse in 2015. (Dkt. 113 at 4.) Defendant also has a known gang affiliation with the Aryan Brotherhood in Salt Lake City. (Dkt. 113, Ex. 1 at 16.)

The § 3553(a) factors do not warrant an exercise of discretion to reduce Defendant's sentence. Granting release in this case would provide insufficient recognition of the seriousness of Defendant's offense and would fail to promote respect for the law and provide just punishment for the offense. Furthermore, the Court finds that Defendant's extensive, consistent, and fairly violent criminal history reflects his potential danger to the community.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

DATED this 15th day of October, 2020.

BY THE COURT

_____
Dee Benson
United States District Judge